UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NYDZA BOU MALDONADO, et al

    Plaintiffs

v.

K-MART CORPORATION

    Defendant

CIVIL NO.: 97-1268 (JAG)



## OPINION AND ORDER

Plaintiffs Nydza Bou Maldonado ("Bou"), Pablo Rodríguez Ryan ("Rodríguez Ryan"), the conjugal partnership formed by Bou and Rodríguez Ryan, and Roberto Rodríguez Bou ("Rodríguez Bou"), brought suit against defendant K-mart Corporation ("K-mart") pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code. Jurisdiction is premised on diversity of citizenship, 28 U.S.C. § 1332.

## FACTUAL BACKGROUND

Plaintiffs allege that, while standing near the counter of K-mart's Montehiedra Shopping Center store, Bou was struck on the back by a shopping cart. Immediately after being hit, Bou turned back and saw what hit her. She saw a K-mart employee, standing immediately behind a row of carts, looking surprised. (Docket 70, Statement of Uncontested Material Facts, pp 1-2). Nitza Fonseca ("Fonseca"), who was near the vicinity of the incident, witnessed how the shopping carts hit Bou on her back. Id. at pp. 2-3.

K-mart denies any liability, and has filed a Motion for Summary Judgment contending that plaintiffs, as a matter of law, cannot establish the necessary elements to prevail on their action for negligence pursuant Article 1802 (P.R. Laws Ann. Tit. 31 § 5141)[1] and Article 1803 (P.R. Laws Ann. Tit. 31 § 5142)[2] of the Puerto Rico Civil Code. (Docket No. 70, Memorandum of Law in Support of Motion for Summary Judgment, p. 1). K-mart further contends that plaintiffs cannot rest their theory of liability on mere inferences without first establishing specific acts of negligence. (docket 70, Memorandum of Law in Support of Motion for Summary Judgment, p. 3).

K-mart maintains that Fonseca cannot establish that its employee was pushing the row of carts at the moment they hit Bou. (Docket No. 70, Memorandum of Law in Support of Motion for Summary Judgment, pp. 5-6). Bou contends that although Fonseca did not see K-mart's employee touching the carts at the time they struck Bou, she did see that this employee was the sole person handling the carts up to the moment when Bou was struck on her back. (Docket No. 71, p. 2).

K-mart alleges that, even assuming that the employee was indeed maneuvering the carts alone, and further assuming that he was pushing them at the moment they hit Bou, that would in and of itself not be sufficient to establish K-mart's negligence. (Docket No. 70, Memorandum of Law in Support of Motion for Summary Judgment, p. 6). K-mart also contends that plaintiffs' theory that

---

[1] P.R. Laws Ann. Tit. 31 § 5141 states: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudence of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity."

[2] P.R. Laws Ann. Tit. 31 § 5142 states: " The obligation imposed by section 5141 of this title is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible. ... Owners or directors of an establishment or enterprise are likewise liable for any damages caused by their employees in the service of the branches in which the latter are employed or on account of their duties."

only one employee was maneuvering the carts at all relevant times requires expert evidence. Absent such expert evidence, K-mart argues, the theory would reduce itself to an inference of Res Ipsa Loquitur. (Docket No. 70, Memorandum of Law in Support of Motion for Summary Judgment, pp. 6-9). In their opposition to defendants' motion for summary judgment, plaintiffs allege that they do not need expert evidence to establish defendants' negligence. (Docket No. 71, pp. 4-7). Plaintiffs maintain that common knowledge and experience possessed by a reasonable person, coupled with K-mart's internal safety practices requiring that two employees handle and maneuver a row of shopping carts, would suffice to establish that the K-mart employee was negligent in maneuvering the shopping carts --and, of course, that his negligence was the adequate cause of Bou's injury. (Docket No. 71, pp. 8-12).

## DISCUSSION

I.  <u>The Standard for Summary Judgment</u>

The court's discretion to grant summary judgment is governed by Fed.R.Civ.P. 56. Rule 56 provides, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>see</u> <u>Santiago- Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 52 (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." <u>See</u> Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

Once a properly supported motion has engaged the gears of Rule 56, the party against whom the motion is directed can shut down the machinery only by showing that a trialworthy issue exists. As to issues on which the opposing party bears the ultimate burden of proof, that party cannot merely rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Suarez v. Pueblo Intern., Inc., ___ F.3d ___, 2000 WL 1477041 (1st Cir., Oct 11, 2000).

Not every factual controversy is sufficient to thwart summary judgment; the contested fact must be "material" and the dispute over it must be "genuine." In this regard, "material" means that a contested fact has the potential to change the outcome of the suit under the governing law. By like token, an issue is genuine when, based on the evidence, a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Further, it is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Consequently, "a party opposing summary judgment must present definite, competent evidence to rebut the motion." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir.1994).

To make this assessment in a given case, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir.1990). When carrying out that task, the Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation."

II.     Liability under Article 1802

It is well settled that in civil tort actions filed pursuant to Articles 1802 and 1803 negligence and causal relationship may be established by circumstantial evidence. Puerto Rico law defines negligence as the failure to exercise due diligence to avoid foreseeable risks. See Coyne v. Taber Partners I, 53 F.3d 454 (1st Cir. 1995); Malave-Felix v. Volvo Car Corp., 946 F.2d 967, 971-72 (1st Cir.1991).

To recover on a negligence theory, a plaintiff suing under Articles 1802 and 1803[3] must establish (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the negligent conduct. See Sociedad de Gananciales v. González Padín, 117 D.P.R. 94 (1986).

Under Puerto Rico law, a legal duty arises in one of three ways: (1) by statute, regulation, ordinance, bylaw or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation. See De-Jesus-Adorno v. Browning Ferris Inds. of Puerto Rico, Inc., 160 F.3d 839 (1st Cir. 1998). Article 1802 negligence applies in cases where the party causing the injury had no prior obligation or duty to the party suffering the injury. Nieves Domenech v. Dymax Corp., 952 F.Supp. 57 (D.P.R. 1996).

Not all actions or omissions which result in injury will give rise to liability under Article 1802. "Negligence has been defined by the Commonwealth courts as the failure to exercise due diligence to avoid foreseeable risks." Malave-Felix, 946 F.2d at 971. Accordingly, liability will only

---

[3]Under Article 1803, a party must show that the perpetrator of the injury was the agent or employee of the party being sued on a theory of negligence.

arise if the damages complained of were reasonably foreseeable to the defendant. <u>De-Jesus-Adorno v. Browning Ferris Industries of Puerto Rico, Inc.</u>, 160 F.3d 839 (1st Cir. 1998).

The foreseeability contemplated by the statute does not include every conceivable consequence of an act or omission, since to do so would make the defendant an absolute insurer. See <u>Pacheco v. A.F.F.</u>, 112 D.P.R. 296, 300 (1982); <u>Jimenez v. Pelegrina Espinet</u>, 112 D.P.R. 700, 704, (1982). To establish the foreseeable character of an event, the evidence must be such that the fact finder can rationally conclude that the risk complained of is among the universe of risks recognizable by reasonably prudent persons acting with due diligence under the same or similar circumstances. See <u>Pacheco v. Puerto Rico Water Resources Auth.</u>, 112 D.P.R. 367, 372 (1982); <u>Jimenez v. Pelegrina</u>, 112 D.P.R. 881, 886 (1982).

III.   <u>Article 1802 and the duty of care of commercial establishments.</u>

In Puerto Rico, an owner of a commercial establishment is potentially liable for all injuries occurring in areas where it has retained control. <u>Cotto v. C.M. Insurance Co.</u>, 116 D.P.R. 644 (1985); <u>Aponte Betancourt v. Melendez</u>, 87 D.P.R. 619 (1963); <u>Goose v. Hilton Hotels</u>, 79 D.P.R. 494 (1956).

The duty of care recognized by the law regarding commercial establishments is that a person or enterprise which maintains a public place for purpose of transacting business for its own benefit, is bound to maintain it in such a safe condition that one who is induced to enter the premises will not suffer any damage. <u>Soc. Gananciales v. González Padín Co., Inc.</u>, 117 D.P.R. 94 (P.R., Mar 21, 1986). Commercial establishments have a duty to take the necessary precautions or to adopt the necessary security measures to preserve the safety of their costumers. A commercial establishment,

6

however, is not liable for events that cannot be foreseen, or for those that, having been foreseen, are inevitable.

The Court has carefully examined the record in this case and finds that there are genuine issues of material fact that preclude summary judgment.

K-mart argues that the evidence produced by the plaintiffs is insufficient as a matter of law to establish liability based on negligence.[4]  Plaintiffs, on the other hand, advance the following factual propositions in opposition to K-mart's arguments:

1) Osvaldo Hernández Díaz, K-mart's Assistant Loss Control Manager, admitted that it was K-mart's practice to have one employee handling the front of the row of carts and another handling the back of the row at the same time in order to prevent accidents. (Docket No. 71 pp. 1- 2; Appendix pp. 1, 3-5)

2) Julio René Figueroa, K-mart's employee, who was handling a row of carts inside the store at the time Bou was injured, admitted that it was K-mart's norm and safety practice to have one employee handling the front and another handling the back of the row at the same time in order to prevent accidents. (Docket No. 71 pps. 2-3; Appendix pp. 8-9)

3) Fonseca, who witnessed Bou's injury, stated in her deposition that she saw two K-mart employees handling shopping carts from the parking area into the store. Once the carts were inside the store she only saw one K-mart employee handling the carts. The employee pushed the row of carts on his own in order to "accomodate" them towards his right. Fonseca stated that this K-mart employee was the sole person who maneuvered the row of carts up to the moment when Bou was struck on her back. (Docket No. 71 pp. 3-5; Appendix pps. 15-18)

---

[4]As stated above, defendants argued that absent expert evidence the jury would have to make a Res Ipsa Loquitur inference to establish K-mart's negligence.(Ante page 2) The Court takes notice that the Supreme Court of Puerto Rico has rejected the theory of that Res Ipsa Loquitur as the basis for recovery in actions for negligence under Puerto Rico's law. Baco v. Almacen Ramon Rosa Delgado, Inc., 2000TSPR111 (Jun 30, 2000). However this Court nonetheless, believes that Res Ipsa Loquitur inference is irrelevant to the disposition of the pertinent issues in this case because there is enough circumstantial evidence in plaintiff's statement of material facts and depositions for a reasonable jury to return a verdict in favor of the non-moving party.

7

    4)    Bou stated in her deposition that, after being struck by a cart, she turned backward to see what had happened, and she saw K-mart's employee standing with a row of carts in front of him, with his hands uplifted and a surprised face. (Docket No. 71 p. 3; Appendix pps. 11, 13)

These statements require credibility assessments which must be made by the jury and not the Court. The Court believes that there is sufficiently reliable evidence in the record that would allow a jury to infer that the damages suffered by Bou could have been reasonably foreseen by K-mart's employee. Statements made in the depositions of Osvaldo Hernández Díaz and Julio René Figueroa, for example, could be the basis for a reasonable jury to conclude that K-mart shall be held vicariously liable for the actions of its employee. The Court further finds that the statements made in the depositions of Fonseca and Bou constitute sufficient circumstantial evidence from which a rational jury could infer an adequate cause-effect relationship between K-mart's negligent conduct and Bou's injuries.

## CONCLUSION

In light of the foregoing, the Court denies K'mart's motion for summary judgment. Bou is entitled to present her case at a full-dress trial.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 18th day of October, 2000.

JAY A. GARCIA-GREGORY
U.S. District Judge

(3) Copies given to the parties personally 10-18-00